IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMIE L. JONES, )<br>)<br>     Plaintiff, )<br>)<br>v.                                                                )          No. CIV-07-532-L<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security     )<br>Administration, )<br>)<br>     Defendant. ) | |

# **O R D E R**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits under the Social Security Act. Pursuant to 28 U.S.C. § 636(b), this matter was referred to the Honorable Doyle W. Argo for initial decision. On May 9, 2008, Judge Argo issued his Report and Recommendation recommending that the Commissioner's decision be affirmed.

This matter is before the court on plaintiff's timely filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In her objections, plaintiff contends the Administrative Law Judge ("ALJ") failed to consider all of her limitations when assessing her residual functional capacity. In addition, she claims the vocational

expert failed to provide jobs that fit within plaintiff's residual functional capacity and the ALJ erred in assessing her credibility.

The court's review of the Commissioner's decision is limited to determining "whether it is supported by substantial evidence and whether the [Commissioner] applied the correct legal standard." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). In making this determination, the court must closely examine the record as whole. *See* Andrade v. Secretary of Health and Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' In addition to a lack of substantial evidence, the [Commissioner's] failure to apply the correct legal standards, or to show us that she has done so, are also grounds for reversal." Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996) (citations omitted).

In accordance with the governing standards, the court has reviewed the Report and Recommendation, plaintiff's objections thereto, and the case file. Based on that review, the court concludes the ALJ erred in determining plaintiff's residual functional capacity. The court finds the ALJ did not consider all of plaintiff's impairments, including her physical impairments of asthma and irritable bowel syndrome, when assessing her functional capacity. The ALJ found that plaintiff had the physical capacity to perform light and sedentary work provided such work was limited to unskilled one- or two-step repetitive tasks that could be explained with short and simple instructions, was performed in relative isolation with limited contact

with peers and supervisors, and was low-stress. Although the medical records document a long-standing history of asthma and irritable bowel syndrome, the ALJ made no provision for these conditions in assessing plaintiff's residual functional capacity. In addition, the court finds that, contrary to the Appeals Council's direction, the ALJ on remand failed to evaluate plaintiff's "work restrictions based on all impairments, including the reported daily drug abuse, as required by 29 CFR 404.1535." Tr. at 285. Although the ALJ mentions the cannabis dependence, he does not evaluate the effect of that dependence on plaintiff's ability to work other than to indicate plaintiff "might function better absent the daily use of marijuana". Tr. at 32. The court also finds the ALJ did not adequately consider the treatment records provided by Patrick L. Gross, LPC, who treated plaintiff from November 2001 to March 12, 2004. Although Mr. Gross is not considered an "acceptable medical source", the ALJ was required to evaluate his records and opinions under the factors set forth in 20 C.F.R. § 404.1527(d) and 416.927(d) and to explain the weight given to his opinions or to at least "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning". SSR 06-03p, 2006 WL 2329939 at *6. *See also* Carpenter v. Astrue, 2008 WL 3892065 at **3-4 (10th Cir. Aug. 25, 2008); Bowman v. Astrue, 511 F.3d 1270, 1274-76 (10th Cir. 2008). The ALJ's failure to do is cause for remand. Carpenter, at *4; Bowman, 511 F.3d at 1275. On remand, the Commissioner is directed to consider all of the record evidence and not to pick and

choose only the medical evidence that favors a finding of nondisability while ignoring evidence that is favorable to the claimant. See Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

Based on the court's review of the entire record, the court REVERSES the Commissioner's decision and REMANDS this matter to the Commissioner for further proceedings. Judgment shall issue accordingly.

It is so ordered this 2nd day of September, 2008.

*[signature: Tim Leonard]*
TIM LEONARD
United States District Judge